Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ZUEÉ ADORNO RIVERA Y OTROS<br><br>Demandantes - Peticionarios<br><br>Vs.<br><br>MANUEL ADORNO CABRERA Y OTROS<br><br>Demandados-Recurridos<br><br>Vs.<br><br>LCDO. IVÁN LUIS MONTALVO BURGOS<br><br>Tercero Demandado-Peticionario<br>_____<br><br>MANUEL ADORNO CABRERA<br><br>Demandante - recurrida<br><br>Vs.<br><br>CARMEN L. RIVERA CINTRÓN Y OTROS<br><br>Demandado - Peticionario | KLCE202301364 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV03341 (505)<br><br>Sobre: Nulidad de Compraventa, Daños y Perjuicios, Interdicto Posesorio<br><br>Caso Núm.: BY2020CV03488 (505)<br><br>Sobre: Dolo, Fraude, Explotación Económica, Nulidad de Donación de Inmueble y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Bermúdez Torres y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparecen ante nos la señora *Zueé Adorno Rivera* y su esposo el señor *Carlos Figueroa Miranda* (peticionarios – matrimonio

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, el 4 de noviembre de 2021, sobre *Normas para la asignación de recursos nuevos previamente presentados en el Tribunal de Apelaciones.* Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel. Véase, además, la Orden Administrativa OATA-2023-214 del 8 de diciembre de 2023, mediante la cual se modificó la composición del panel que atendió los correspondientes recursos anteriores (KLCE202200164 y KLCE202201190).

Número Identificador
RES2024_____

Figueroa Adorno), para que revisemos la *Resolución* emitida el 14 de octubre de 2023,[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Allí, se declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por el matrimonio Figueroa Adorno. Oportunamente, estos solicitaron reconsideración, sin embargo, el TPI mantuvo su determinación.

Evaluada la totalidad de los *autos*, **denegamos** la petición de *certiorari* epígrafe.

**-I-**

Del expediente surge que el **24 de octubre de 2020** el matrimonio Figueroa Adorno sometió una *Demanda* sobre nulidad de compraventa, interdicto posesorio y daños contra *Manuel Adorno Cabrera* (señor Adorno Cabrera),[3] *Jorge Adorno Giusti* (señor Adorno Giusti) y *Santa Enid Nieves Rivera* (señora Nieves Rivera).[4] En suma, adujo que el **14 de julio de 2020** el señor Adorno Cabrera **donó** a través de una escritura pública —ante el notario *Iván Luis Montalvo Burgos* (Lcdo. Montalvo Burgos)— un inmueble a la peticionaria *Zueé Adorno Rivera*. Dicho inmueble está ubicado en la *parcela #2, Villas del Olimpo #2, en Bayamón, Puerto Rico, (para este caso se identifica como la propiedad B)*. Nos obstante, el **8 de agosto de 2020**, ante otro notario, el señor Adorno Cabrera otorgó una escritura pública de **compraventa —del inmueble antes donado—** a favor del señor Adorno Giusti y la señora Nieves Rivera. En la **misma fecha**, la escritura de compraventa fue presentada en el Registro de la Propiedad.

Por su parte, el señor Adorno Cabrera y el señor Adorno Giusti contestaron la demanda y reconvinieron.[5] En síntesis, adujeron

---

[2] Notificada el 16 de octubre de 2023.

[3] El *Sr. Manuel Adorno Cabrera* es padre del *Sr. Jorge Adorno Giusti* y tío de la *Sra. Zueé Adorno Rivera.*

[4] Anejo I de la *Petición de Certiorari,* págs. 7 – 21.

[5] Anejo II de la *Petición de Certiorari,* págs. 1 – 6.; Anejo VI de la *Petición de Certiorari,* págs. 46 – 54.

fraude, dolo y explotación financiera. Además, que el señor Adorno Cabrera no tenía intención de donar el mencionado inmueble.

Surge del expediente que,[6] concluido el descubrimiento de prueba, el matrimonio Figueroa Adorno sometió una solicitud de sentencia sumaria.[7] Entre los argumentos, adujo, ausencia total de prueba que validara las alegaciones de fraude y dolo. Referente al dolo, señalaron, que éste tiene que probarse. Tanto el señor Adorno Cabrera como el señor Adorno Giusti se opusieron a la solicitud de sentencia sumaria.[8]

Evaluada la solicitud de sentencia sumaria, el TPI emitió una *Resolución* el **16 de octubre de 2023**,[9] en la que determinó los siguientes hechos como no controvertidos:

1. *El **14 de julio de 2020**, don Manuel y la señora Adorno Rivera comparecieron ante el Notario Iván Luis Montalvo Burgos, para otorgar la "Escritura número 27 **sobre donación y aceptación**".*

2. *Mediante dicha escritura, se donaba un inmueble ubicado en **Villas del Olimpo #2, en Bayamón, Puerto Rico, descrito en el Registro Inmobiliario de Puerto Rico como Parcela número 2, localizada en el Barrio Cerro Gordo de Bayamón con una cabida de 3,565.041 m/c.***

3. *El tercero demandante, Jorge Adorno Giusti, no estuvo presente durante el otorgamiento de la referida "Escritura número 27", sobre donación y aceptación.*

4. *El licenciado Montalvo era conocido por don Manuel, ya que éste lo había contratado para otros asuntos notariales. Don Manuel había otorgado al menos 5 escrituras ante el Lcdo. Montalvo, entre ellas, una escritura de testamento abierto y dos donaciones.*

5. *Como parte de la preparación para la autorización del instrumento público, el licenciado Montalvo obtuvo un estudio de título el 7 de julio de 2020, preparado por el Sr. Federico L. Morales Señeríz, investigador de títulos.*

6. *Conforme a dicho estudio de título, el dominio de la finca constaba inscrito a favor de don Manuel y sus hijos Jorge y Manuel Adorno Giusti, en comunidad de bienes hereditaria.*

7. ***No obstante lo anterior**, <u>el licenciado Montalvo recibió copia de la "Escritura número 13", sobre</u>*

---

[6] El 19 de noviembre de 2020, el señor Adorno Giusti y la señora Nieves Rivera sometieron una *Demanda contra tercero* contra el Lcdo. Montalvo Burgos. *Véase*; Anejo VIII de la *Petición de Certiorari*, págs. 60 – 62.

[7] Anejo XIII de la *Petición de Certiorari*, págs. 91 – 105.

[8] Anejo XIV de la *Petición de Certiorari*, págs. 106 – 134.; Anejo XV de la *Petición de Certiorari*, págs. 135 – 143.

[9] Anejo XVI de la *Petición de Certiorari*, págs. 144 – 159.

*liquidación de sociedad de gananciales, liquidación, adjudicación y partición de herencia, ratificación de compraventa de participación, otorgada el **30 de agosto de 2019**, ante el Notario Héctor Cora Santiago.*

8. *En la "Escritura número 13" comparecieron el demandado, don Manuel y los terceros demandantes.*

9. *En la escritura de partición surge que, entre otros bienes muebles e inmuebles objeto de la liquidación hereditaria entre don Manuel y los terceros demandantes, **figuraba la finca número 2, ubicada en Villas del Olimpo #2, en Bayamón, Puerto Rico, objeto de este pleito. Se identifica como la propiedad B**.*

10. *Mediante la escritura de partición, la exclusiva titularidad de la propiedad B objeto de este pleito, valorada en $285,000.00, fue adjudicada a favor de don Manuel.*

11. *La "Escritura número 13" fue presentada en el Registro de la Propiedad el 5 de septiembre de 2019, pero fue notificada con faltas. El documento fue retirado y se presentó nuevamente el 3 de octubre de 2019 y nuevamente fue notificado por tener faltas. Fue retirado el 21 de noviembre de 2019. Finalmente, fue presentado nuevamente el 29 de julio de 2020.*

12. *El relevo de Hacienda, sobre la donación, fue expedido el 15 de septiembre de 2020.*

13. *Don Manuel tenía plena confianza en la señora Rivera y por ello otorgó a favor de ella un "Poder general" para que ella realizara gestiones en su nombre tales como procurar el mantenimiento de sus bienes en Puerto Rico, pagar por los servicios de mantenimiento de sus bienes en Puerto Rico y comprar sus medicamentos, entre otros.*

14. *El **8 de agosto de 2020** el don Manuel y los esposos Adorno-Nieves comparecieron ante la Notaria Carla Martínez Caraballo, para otorgar la Escritura Número 12 de Compraventa. La propiedad objeto de la venta fue la misma que fue donada por don Manuel a su sobrina Zueé Adorno, mediante la referida Escritura Número 27, sobre Donación y Aceptación. El precio de venta de la propiedad fue $225,000.00.*[10]

No obstante, determinó que los siguientes hechos estaban en controversia:

1. *Si don Manuel estaba plenamente consciente y era su intención donarle el inmueble a la señora Adorno-Rivera.*

2. *Si el licenciado Montalvo realizó todas las advertencias y averiguaciones necesarias para conocer la verdadera intención de don Manuel.*

---

[10] Anejo XVI de la *Petición de Certiorari*, a las págs. 149 – 151. El TPI añadió como hechos probados los esbozados en la *Resolución y orden* del 14 de enero de 2022 [Entrada 176]. Énfasis nuestro.

> **3.** *Si alguno o todos: señora Adorno-Rivera, la señora Rivera y el licenciado Montalvo cometieron algún fraude o dolo.*
>
> **4.** *Si la señora Rivera conocía que la intención de don Manuel era vender el inmueble objeto de la controversia.*[11]

A tono con las determinaciones de hechos antes citadas, el TPI concluyó, en lo pertinente, lo siguiente:

> *[A]hora bien, en este momento **no podemos desestimar** las acciones de don Manuel y el Sr. Jorge Adorno, **porque existe una controversia real sobre la intención de don Manuel,** al donar el inmueble, y si este fue intimidado o se cometió fraude por parte de la señora Adorno Rivera, su madre la señora Rivera y el licenciado Montalvo, actuando como notario. **Aunque es cierto que el fraude y dolo no se presumen, sino que deben probarse**, y que **las escrituras públicas gozan de la presunción de corrección**, no es menos cierto que en el presente caso los hechos que puedan dar pie a la acción de don Manuel y su hijo ocurrieron al momento de la otorgación de la escritura de donación. **Esto quiere decir que la prueba demostrativa de dolo y fraude es testimonial**, pues se retrotrae al momento en que las partes comparecieron a otorgar la escritura de donación **y el tribunal debe examinar en sala la credibilidad de cada testigo**. No podemos olvidar que <u>don Manuel es una persona de edad avanzada</u>. Tampoco podemos dejar pasar el hecho de que <u>el inmueble donado parece constituir una porción considerable de los activos de este demandado</u> y que al menos por un tiempo don Manuel quiso y llevó a cabo gestiones para vender el inmueble. Tampoco podemos pasar por alto que la <u>señora Rivera era la apoderada de don Manuel y que es su hija la que se benefició con la donación</u> del inmueble, aun cuando la señora Rivera pudo haber conocido que don Manuel realmente quería vender el inmueble. En fin, **en este momento hay suficientes dudas que ninguna parte ha logrado despejar para este tribunal poder resolver la controversia, mediante sentencia sumaria**. Mas bien, según los hechos debemos examinar a las partes en un juicio plenario, y determinar la credibilidad de cada testigo para luego proceder conforme a derecho.*[12]

En consecuencia, el TPI denegó la solicitud de sentencia sumaria presentada por los peticionarios. En específico, expresó:

> "*[D]enegamos la "Moción solicitando se dicte sentencia sumaria por ausencia de prueba y omisión al exponer alegaciones de fraude y dolo" (Entrada 208), presentada por la parte demandante, la Sra. Zueé Adorno Rivera, y su esposo Carlos Figueroa Miranda […]. [sic].*"[13]

---

[11] Anejo XVI de la *Petición de Certiorari,* a las págs. 151 – 152. Énfasis nuestro.
[12] *Id.*, a las págs. 157 – 158. Énfasis nuestro.
[13] *Id.*, a las pág. 158.

Oportunamente, el matrimonio Figueroa Adorno solicitó una reconsideración.[14] Sin embargo, el TPI mantuvo su determinación.[15]

Inconforme, el **5 de diciembre de 2023** los peticionarios recurrieron ante nos y señalaron el siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR UNA SOLICITUD DE SENTENCIA SUMARIA A FAVOR DE LA PARTE DEMANDANTE ZUEÉ ADORNO RIVERA, LA CUAL SE PRESENTÓ BAJO LA MODALIDAD DE AUSENCIA DE PRUEBA Y POR FALTA DE ESPECIFICIDAD EN LAS ALEGACIONES DE FRAUDE Y DOLO.*

El **28 de diciembre de 2023**, comparecieron los recurridos, el señor Adorno Giusti y la señora Nieves Rivera en oposición a la expedición del presente recurso. En igual posición, el **29 de diciembre de 2023** compareció el señor Manuel Adorno Cabrera. Con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto.

## -II-

## -A-

El recurso de *certiorari* es un vehículo procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[16] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para seleccionar entre uno o varios cursos de acción.[17]

En ese sentido, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,*

---

[14] Anejo XVII de la *Petición de Certiorari*, págs. 160 – 168.
[15] Anejo XVIII de la *Petición de Certiorari*, págs. 169 – 170.
[16] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[17] *García v. Asociación,* 165 DPR 311, 321 (2005).

*asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[18]

Bajo esa discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para la mostrar causa o para la expedición del *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[19]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[20]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[21]

**-B-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos

---

[18] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[19] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[20] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[21] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[22] A tal efecto, la Regla 36 de las de Procedimiento Civil dispone el proceso mediante el cual cualquiera de las partes puede solicitar al tribunal que dicte sentencia sumaria a su favor.[23]

De esta forma, cuando cualquier parte le solicite al tribunal que el pleito sea resuelto por la vía sumaria, deberá demostrar en su solicitud, *"la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación"*.[24]

Los hechos esenciales y pertinentes a los que se refieren las Reglas de Procedimiento Civil son los que se conocen como *"hechos materiales"*.[25] Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario.[26]

Ahora bien, la Regla 36.3 de Procedimiento Civil, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor.[27] A esos efectos, la mencionada regla establece que una solicitud al amparo de ésta deberá incluir: **(1)** una exposición breve de las alegaciones de las partes; **(2)** los asuntos litigiosos o en controversia; **(3)** la causa de acción, reclamación o parte respecto a la cual es solicitada la

---

[22] *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018).
[23] 32 LPRA Ap. V., R. 36.
[24] 32 LPRA Ap. V., R. 36.1 y 36.2.
[25] *Id.*
[26] 32 LPRA Ap. V., R. 36.1.; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).
[27] 32 LPRA Ap. V, R. 36.3.

sentencia sumaria; **(4)** una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; **(5)** las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y **(6)** el remedio que debe ser concedido.[28]

Presentada una solicitud de sentencia sumaria, la parte que se opone a la concesión de la misma también deberá cumplir con ciertos requisitos preceptuados en la referida regla y deberá argumentar el derecho aplicable a la controversia, ya sea para que el pleito no sea resuelto por la vía sumaria, o para que se dicte sentencia sumaria a su favor. Es decir, el hecho de que una parte solicite sentencia sumaria no implica que la misma debe ser resuelta a su favor. Esto es así porque la sentencia sumaria puede dictarse a favor o en contra del promovente, según proceda en derecho.[29]

**-III-**

El matrimonio Figueroa Adorno nos señalan que el TPI erró al no conceder la sentencia sumaria presentada.

Pese a que los peticionarios señalan que no se presentó prueba sobre las alegaciones de dolo y/o fraude, no es menos cierto que la misma puede ser de carácter testimonial, como señala el foro recurrido. Por lo tanto, al estar en igual posición que el TPI en la revisión de una sentencia sumaria, adoptamos los hechos que no están en controversia; y de igual modo, concurrimos con los hechos que están en controversia recogidos en la *Resolución* recurrida.

---

[28] *Id.; Pérez Vargas v. Office Depot / Office Max, Inc.,* 203 DPR 687, 698 (2019).
[29] *Rodríguez García v. UCA, supra, pág. 941.*

Es decir, surge de los *autos* que existen controversias sobre hechos esenciales que impiden disponer el recurso por la vía sumaria a favor de los peticionarios. Por lo cual, no nos parece irrazonable que el TPI permita la continuación de los procesos, y, posteriormente, proceda a dilucidar aquellas cuestiones de credibilidad sobre los asuntos en controversia.

En consecuencia, en el ejercicio de la sana discreción que nos permite la citada Regla 40 del Tribunal Apelaciones, resolvemos denegar la presente petición de *certiorari*.

**-IV-**

Por lo antes expuestos, **denegamos** la petición de *certiorari* epígrafe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones